IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. WALSH, III | : | CIVIL ACTION |
| *Plaintiff Pro se* | : | |
| | : | |
| v. | : | |
| | : | |
| JUDGE CONABOY and | : | NO. 16-1234 |
| MAGISTRATE JUDGE MEHALCHICK | : | |
| *Defendants* | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.[1]                                                      JULY 12, 2016

Plaintiff John R. Walsh, III ("Walsh") initiated this civil action against the Honorable Richard P. Conoboy, United States District Court Judge, and United States Magistrate Judge Karoline Mehalchick based on his dissatisfaction with those judges' rulings in a prior civil action that he filed in this Court. Walsh seeks leave to proceed *in forma pauperis*. For the reasons set forth, this Court will grant Walsh leave to proceed *in forma pauperis*, and will dismiss his complaint.

## FACTS[2]

The sole factual basis for Walsh's claims against Judge Conaboy and Magistrate Judge Mehalchick appears to be the fact that those judges dismissed a case that Walsh filed in this Court, *to wit: Walsh v. Bambera*, M.D. Pa. Civ. A. No. 16-998. In said court action, Walsh primarily alleged that three bishops conspired to conceal evidence that his daughter was sexually

---

[1] The Honorable Nitza I. Quiñones Alejandro of the Eastern District of Pennsylvania is sitting by designation pursuant to 28 U.S.C. § 292(b).

[2] The following facts are taken from the complaint and the public docket for the proceeding underlying Walsh's claims.

1

molested by a priest in violation of the Racketeering Influenced and Corrupt Organizations Act (RICO) and various state laws. Magistrate Judge Mehalchick reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation advising that the complaint be dismissed with prejudice. Judge Conaboy adopted the recommendation over Walsh's objections and dismissed the complaint. Five days later, Walsh initiated the instant lawsuit.

In his complaint, Walsh alleges that Judge Conaboy "should have recused himself in the matter of 3:16-CV-998" because he is Catholic. (Compl. ¶ 1.) Walsh also indicates his belief that Magistrate Judge Mehalchick's recommendation was incorrect and suggests that an *ex parte* communication may have occurred because he "observed [one of the bishops who he sued in 16-998] going into the United States Federal Court House and it wasn't for the purpose of going to the Post Office . . . ." (*Id.* ¶ 7.) The remainder of the complaint consists of general, stream-of-consciousness allegations and observations about surveillance in federal buildings, Walsh's relationship with the Federal Bureau of Investigation, and problems with child abuse in the Catholic Church, among other things.

As the legal basis for his claims, Walsh cites 18 U.S.C. § 1503, a statutory provision that criminalizes obstruction of justice, and 38 U.S.C. § 7316, a statutory provision addressing malpractice and negligence of health care employees of the Veterans Administration. He seeks one-hundred million dollars in damages "for the extreme violations that has [sic] occurred concerning our children" and his efforts to hold accountable those who are responsible for the violations.[3] (Compl. at 7.)

---

[3] Walsh lacks standing to pursue claims on behalf of child victims or any other third parties whose rights he sought to vindicate through this civil action. *See Twp. of Lyndhurst v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)). Accordingly, the Court will dismiss any such claims for lack of standing and will address the claims Walsh raised on his own behalf below.

**STANDARD OF REVIEW**

Walsh's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. However, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); and is legally groundless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Walsh is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**DISCUSSION**

There is no legal basis for Walsh's claims. Criminal statutes, such as 18 U.S.C. § 1503, do not give rise TO a civil cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Morales v. Pub. Defenders of Delaware Co.*, No. CIV. A. 12-6531, 2012 WL 6621369, at *3 (E.D. Pa. Dec. 19, 2012) (section 1503 is a criminal statute that "do[es] not give rise to civil liability"). The other statute Walsh cited to as the basis for his claims, 38 U.S.C. § 7316, has no application to this case because it concerns claims based on the malpractice or negligence of health care employees of the Veterans Administration. Further, to the extent the complaint can be liberally construed as raising claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a damages remedy for constitutional violations committed by federal actors, Judge Conaboy and Magistrate Judge Mehalchick are entitled to absolute judicial

immunity from any such claims because these purported claims are based on acts or omissions taken in their judicial capacity while presiding over Walsh's case. *See Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*) (federal judges are entitled to absolute judicial immunity from *Bivens* claims); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (noting that judicial immunity "will not be forfeited because a judge has committed grave procedural errors, or because a judge has conducted a proceeding in an informal and ex parte manner" (internal quotations and citations omitted)).

## CONCLUSION

For the foregoing reasons, Walsh's complaint is dismissed as legally baseless. Walsh will not be given leave to amend because amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."). An appropriate Order follows, which shall be docketed separately.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. WALSH, III | : | CIVIL ACTION |
| *Plaintiff Pro se* | : | |
| | : | |
| v. | : | |
| | : | |
| JUDGE CONABOY and | : | NO. 16-1234 |
| MAGISTRATE JUDGE MEHALCHICK | : | |
| *Defendants* | : | |

# ORDER

AND NOW, this 12th day of July, 2016, upon consideration of Plaintiff John R. Walsh, III's, motion to proceed *in forma pauperis* (Document No. 2), and the complaint (Document No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice for the reasons stated in the Court's memorandum.

3. The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO
*Judge, United States District Court*